ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Sep-02  11:23:07
60CV-20-4873
C06D02 : 12 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

NATANAEL VAZQUEZ-QUINTANA                                    **PLAINTIFF**

VS.                                NO. _____

JESSIE A. SAMPLEY,                                          **DEFENDANTS**
JACOBSON TRANSPORTATION
COMPANY, INC., INDIVIDUAL JOHN DOE
DEFENDANTS 1, 2, AND 3, AND
ENTITY JOHN DOE DEFENDANTS 1, 2, AND 3

## COMPLAINT

COMES NOW the Plaintiff, Natanael Vazquez-Quintana, by and through his attorneys,

RAINWATER, HOLT & SEXTON, P.A., and for his Complaint against the Defendants, states and alleges

the following:

### I. RESIDENCY & PARTIES

1.      Plaintiff Natanael Vazquez-Quintana (hereinafter "Plaintiff") was at all times relevant

a citizen and resident of Douglas, Cochise County, Arizona.

2.      Defendant Jessie A. Sampley, Jr. (hereinafter "Separate Defendant Sampley") was

at all times relevant a resident of Riverdale, Clayton County, Georgia.

3.      Defendant Jacobson Transportation Company, Inc. (hereinafter "Separate Defendant

Jacobson") has been issued both USDOT Number (241594) and a MC number (172189).

4.      Separate Defendant Jacobson filed a form BOC-3 with the Federal Motor Carrier

Safety Administration and/or the United States Department of Transportation naming Deborah L.

Webb, 1522 1/2 E. Race Avenue, Searcy, Arkansas 72143 as its agent of service in Arkansas.

Separate Defendant Jacobson is an Iowa corporation. Separate Defendant Jacobson's principal place

of business is 1275 NW 128th Street, Clive, IA 50352.  Separate Defendant has named Registered



Agents Solutions, Inc., 400 E Court Ave. Ste. 110, Des Moines, IA 50309 as its agent for service in Iowa.

5.      Separate Defendant Jacobson is the owner of the 2015 Mack 18-Wheeler that was being driven by Separate Defendant Sampley at the time of the incident.

6.      Separate Defendant Jacobson was Separate Defendant Sampley's employer at the time of the incident.

7.      Individual John Doe Defendants 1, 2 and 3 are individuals that caused and/or contributed ot the injuries suffered by Plaintiff.

8.      Entity John Doe Defendants1, 2, and 3 are entities that negligently caused and/or contributed to the injuries suffered by Plaintiff, and/or are entities responsible either through respondeat superior for the negligence of a previously named individual defendant or for failing to train, educate, direct, prepare, set policy, and/or give guidance to a previously named individual defendant. A truc and correct copy of the affidavit required in Arkansas Code Annotated §16-56-125 is attached hereto and incorporated by reference as Exhibit A.

9.      The incident giving rise to this cause of action occurred on Interstate 30, Little Rock, Pulaski County, Arkansas.

## II. JURISDICTION AND VENUE

10.     This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

11.     Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the collision occurred which caused the injury or in the county where the person injured resided at the time of the injury.

## III. BASIC PREMISE

12.     This is a negligence case which arises from a motor vehicle collision that occurred

2

on October 26, 2017, on Section 230 of Interstate 30, Little Rock, Pulaski County, Arkansas.

## IV. FACTS

13.    On or about October 26, 2017, at approximately 10:44 AM, Plaintiff was driving east on Interstate 30, Little Rock, Pulaski County, Arkansas.

14.    Plaintiff was changing lanes from the right shoulder into the outside lane.

15.    Plaintiff was traveling in a 2013 Freightliner CASCA.

16.    At the same time, Separate Defendant Sampley was driving east on Interstate 30, Little Rock, Pulaski County, Arkansas.

17.    Separate Defendant Sampley was traveling straight in the outside lane approaching the location of Plaintiff from the rear.

18.    Separate Defendant Sampley was driving a 2015 Mack Truck owned and operated as a motor carrier by Separate Defendant Jacobson.

19.    Separate Defendant Sampley failed to pay attention to road in front of him as he approached the area where Plaintiff had begun entering Interstate 30.

20.    The front of Separate Defendant Sampley's vehicle collided with the back of Plaintiff's vehicle.

21.    Separate Defendant Sampley told the investigating officer he was looking down at his radio at the time of and prior to the collision.

22.    Separate Defendant Sampley had ample time and room to move to negotiat his truck to the middle lane and avoid the collision.

23.    As a result of ther collision, Plaintiff sustained personal injuries and damages.

## V. CAUSE OF ACTION NO. 1 - NEGLIGENCE

24.    All of the allegations previously pled herein are re-alleged as though stated word-for-word.

25.    Separate Defendant Sampley and/or Separate Individual John Doe Defendants 1, 2 and 3 were negligent in the following particulars:

3

(a)     Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

(b)     Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6) & (b)(8);

(c)     Driving at a speed greater than was reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing, in violation of Ark. Code Ann. § 27-51-201(a)(1);

(d)     Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

(e)     Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

(f)     Following too closely to Plaintiff's vehicle, more closely than is reasonable and prudent, failing to have due regard for the speed of vehicles and the traffic upon the highway, in violation of Ark. Code Ann. § 27-51-305(a);

(g)     Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

(h)     Failing to keep his vehicle under control, in violation of the common law of Arkansas;

(i)     Failing to drive at a speed no greater than was reasonable and prudent under the circumstances, having due regard for any actual or potential hazards, in violation of the common law of Arkansas;

(j)     Driving too close to another vehicle, in violation of the common law of Arkansas; and,

(k)     Otherwise failing to exercise ordinary care under the circumstances.

26.     In addition, Separate Defendant Sampley and/or Individual John Doe Defendants 1, 2 and 3 failed to use the ordinary and reasonable care required under the circumstances by engaging in the following separate and independent acts or omissions:

(a)     Failing to obtain adequate education, direction and preparation, as well as becoming aware of policy and guidance, prior to operating the tractor-trailer he was driving;

(b)     Operating a commercial motor vehicle without the required knowledge to do so safely;

(c)     Operating a commercial motor vehicle without the required skills to do so safely;

4

(d)    Failing to look far enough ahead in at any time prior to the collision;

(e)    Failing to recognize a hazard and drive so as to prevent the hazard from turning into an emergency; and

(f)    Failing to pay attention to the road and traffic in front of him.

27.    At all relevant times, Separate Defendant Sampley was a driver or operator of "commercial motor vehicles" as defined by 49 C.F.R. parts 382 *et seq.* of the Federal Motor Carrier Safety Regulations. These federal regulations imposed certain mandatory duties and prohibitions upon Separate Defendant Sampley to ensure that in driving a commercial motor vehicle he conducted himself in a manner that protected public health, safety and welfare.

28.    Separate Defendant Sampley violated the Federal Motor Carrier Safety Regulations, as adopted by the Arkansas State Highway Commission Regulations, including but not limited to:

(a)    Violation of §392.2 in failing to operate a commercial vehicle in accordance with the laws, ordinances, and regulations of the State of Arkansas;

(b)    Violation of §392.3 providing that not driver shall operate a motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him to begin or continue to operate a commercial motor vehicle; and

(c)    Violation of §392.14 requiring extreme caution and reduced speed when hazardous conditions exists.

29.    A reasonably careful person, operating a commercial motor vehicle under similar circumstances, would foresee that the failures in duties of care listed above would result in devastating injuries, including possible death, to other persons traveling on public highways like Plaintiffs.

## VI. CAUSE OF ACTION - NEGLIGENCE OF SEPARATE DEFENDANT JACOBSON AND/OR SEPARATE JOHND DOE ENTITY DEFENDANTS 1, 2, AND 3

30.    All of the allegations previously plead herein are re-alleged as though stated word-for-word.

31.    Separate Defendant Jacobson and/or Separate John Doe Entity Defendants 1, 2, and 3 were negligent in the following particulars:

(a)    Failing to have adequate policies and procedures regarding its drivers driving and using a phone simultaneously;

(b)    Failing to adequately train, educate, direct, prepare, set policy or give guidance to its drivers regarding driving and using a phone simultaneously;

(c)    Failing to adequately train, educate, direct, prepare, set policy or give guidance to its drivers regarding safe driving practices;

(d)    Failing to exercise ordinary care with respect to training, educating, directing, preparing, setting policy or giving guidance to its drivers regarding safe driving practices; and

(e)    Otherwise failing to exercise ordinary care under the circumstances;

32.    In addition, Separate Defendant Jacobson  and/or Separate John Doe Entity Defendants 1, 2, and 3 failed to use ordinary and reasonable care required under the circumstances by engaging in the following separate and independent acts and omissions:

(a)    That Separate Defendant Jacobson and/or Separate John Doe Entity Defendants 1, 2, and 3 failed to properly train, monitor and supervise Defendant Thomas in the safe operation of the tractor trailer truck when approaching hazards;

(b)    That Separate Defendant Jacobson and/or Separate John Doe Entity Defendants 1, 2, and 3 ailed to properly train, monitor and supervise Separate Defendant Sampley about distracted driving;

(c)    That Separate Defendant Jacobson and/or Separate John Doe Entity Defendants 1, 2, and 3 failed to properly train, monitor and  supervise Separate Defendant Sampley about the duties imposed upon him by the FMSCA and   as a holder of a CDL;

(d)    That Separate Defendant Jacobson and/or Separate John Doe Entity Defendants 1, 2, and 3 knew or should have known that Separate Defendant Sampley was not competent, satisfactory, qualified, or safety-conscious enough to operate the tractor-trailer he was employed to drive;

(e)    That Separate Defendant Jacobson  and/or Separate John Doe Entity Defendants 1, 2, and 3 misjudged and/or overestimated the skills and ability of Separate Defendant Sampley to drive the tractor-trailer; and

33.    That Separate Defendant Jacobson and/or Separate John Doe Entity Defendants 1, 2, and 3 failed to comply with industry standards as set forth by the DOT and relevant federal regulations dictated for motor carriers in properly training drivers such as Separate Defendant Sampley, which is evidence of negligence, including but not limited to the following particulars:

6

(a)    Failing to design, develop, and implement adequate safety management controls (including policies and proceures) related to speed management, space management, seeing ahead, total stopping distance, hazard perception, accident countermeasures, and/or fatigue and distracted driving awareness;

(b)    Failing to implement sufficient policies and procedures to ensure the training of Separate Defendant Sampley regarding speed management, space management, seeing ahead, total stopping distance, hazard perception, accident countermeasures and fatigue, and distracted driving awareness;

(c)    Failing to train, monitor and supervise the driving habits of Separate Defendant Sampley;

(d)    Supervision of its business operations in failing to properly monitor the driving habits and records of its drivers, employees, and/or agents, specifically Separate Defendant Sampley;

(e)    Supervision of its drivers, employees, and/or agents, specifically Separate Defendant Sampley;

(f)    Instruction of its drivers, employees, and/or agents, specifically Separate Defendant Sampley;

(g)    Entrustment of its tractor-trailer to its drivers, employees, and/or agents, specifically Separate Defendant Sampley;

(h)    Entrustment of a tractor-trailer to its drivers, employees, and/or agents, specifically the Separate Defendant Sampley;

(i)    Compliance with federal and/or state regulation and industry standards, as referenced in this Complaint and as developed during the discovery of this case;

(j)    Improperly auditing the logs and supporting documentation of its drivers, employees, and/or agents, specifically the Separate Defendant Sampley;

(k)    Failing to utilize available information and technology to properly monitor its drivers, employees, and/or agents, specifically the Separate Defendant Sampley for compliance with company policies and/or state and federal regulations;

(l)    Allowing Separate Defendant Sampley to operate a commercial motor vehicle despite knowledge of his inability to do so safely;

(m)    Failing to have adequate safety management controls in place or in use to ensure compliance with the required safety fitness standard;

(n)    Failing to budget an appropriate amount of money to design, develop, and implement safety management controls (including policies and procedures) in the areas of speed management, space management, seeing ahead, total

stopping distance, hazard perception, accident countermeasures and fatigue and distracted driving awareness; and

(o)    Failing to utilize available technology to monitor and audit the safety performance of its driver's including Separate Defendant Sampley.

34.    That the conduct of Defendants are in violation of state and/or federal law, including but not limited to, 49 C.F.R. §383.110-113, 49 C.F.R. §390.11, 49 C.F.R. §390.3; 49 C.F.R. §392.1, 49 C.F.R. §392.2; 49 C.F.R. §392.3; 49 C.F.R. §392.14, 49 C.F.R. §392.7, 49 C.F.R. §393.4, 49 C.F.R. §396.11, 49 C.F.R. §396.17, 49 C.F.R. §396.3, A.C.A. §27-51-104, §27-51-201, §27-51-204 and §27-52-305.

## VII. CAUSE OF ACTION NO. 2 – VICARIOUS LIABILITY

35.    Separate Defendant Sampley and/or Individual John Doe Defendants 1, 2, and 3 were employees and/or agents of Separate Defendants Jacobson's and/or Entity John Doe Defendants 1, 2 and 3. Accordingly, Separate Defendant Jacobson's employees'/agents' negligent acts and omissions are imputed to Separate Defendant Jacobson and/or John Doe Entity Defendants 1, 2, and 3, their employer/principal, under the legal doctrine of respondeat superior, joint enterprise, and/or the principles of agency as adopted by the State of Arkansas.

36.    Separate Defendant Sampley was driver of a commercial motor vehicle and as such is an employee of Separate Defendant Jacobson as defined by 49 C.F.R. 390.5.

## VIII. PROXIMATE CAUSATION

37.    All of the allegations previously pled herein are re-alleged as though stated word-for-word.

38.    The Defendants' negligence proximately caused the collision described herein and the injuries and damages sustained by Plaintiff.

## IX. INJURIES AND COMPENSATORY DAMAGES

39.    All of the allegations previously pled herein are re-alleged as though stated word-for-word.

40.    Plaintiff sustained personal injuries and damages as a result of the collision.

41.   Plaintiff is entitled to the following damages:

    (a)   the nature, extent, duration, and permanency of his injuries;

    (b)   the full extent of the injuries he sustained;

    (c)   the expense of his medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

    (d)   any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

    (e)   the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future;

    (f)   the visible results of his injuries; and,

    (g)   any property damages he sustained.

42.   The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## X.  PUNITIVE DAMAGES

43.   The above-described conduct by Separate Defendant Sampley was grossly negligent, willful, wanton, reckless, malicious and/or intentional conduct.

44.   In addition to its vicarious liability for the conduct of Separate Defendant Sampley, Separate Defendant Jacobson is liable for compensatory and punitive damages for its own conduct in this direct negligence action against it. Separate Defendant Jacobson knew, or in the exercise of ordinary care, should have known in light of the surrounding circumstances, that the above-described negligent conduct would naturally and probably result in injury to others, yet it continued such conduct in reckless disregard of the consequences. Thus, punitive damages should also be imposed against Separate Defendant Jacobson due to its own conduct as set out above.

45.   In addition to actual and compensatory damages for the losses suffered, Plaintiff is also entitled to punitive damages from Separate Defendant Jacobson because of its willful and wanton conduct in disregard of the rights and safety of others. Separate Defendant Jacobson knew or should have known that the negligent maintenance and operation of a semi-truck would naturally

and probably result in injury and damages to others. However, such conduct continued in reckless disregard of the consequences from which malice may be inferred.

## XI.  **DEMAND FOR JURY TRIAL**

46.    Plaintiff hereby demands a trial by jury.

## XII.  **DEMAND & PRAYER**

47.    Plaintiff demands judgment against Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate him for his damages.

48.    Plaintiff demands judgment against Defendants for pre-judgment interest and post-judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for all other proper relief to which he may be entitled.

Respectfully Submitted,

Attorneys for Plaintiff

By:    _____
Robert L. Beard (Ark. Bar No. 2002109 )
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR  72222
Telephone:    (501) 868-2500
Telefax:        (501) 868-2505

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

### CIVIL DIVISION

NATANAEL VAZQUEZ-QUINTANA                                         **PLAINTIFF**

VS.                                           NO. _____

JESSIE A. SAMPLEY,                                              **DEFENDANTS**
JACOBSON TRANSPORTATION
COMPANY, INC., INDIVIDUAL JOHN
DOE
DEFENDANTS 1, 2, AND 3, AND
ENTITY JOHN DOE DEFENDANTS 1, 2,
AND 3

STATE OF ARKANSAS )
                         )     ss:
COUNTY OF PULASKI )

        Comes now Robert L. Beard, and states, upon oath, the following:

        1.      I represent Plaintiff Natanael Vazquez-Quintana in the above matter.

        2.      Plaintiff Natanael Vazquez-Quintana is seeking a judgment against unknown tortfeasors.

        3.      The names of the unknown tortfeasors in this action will be designated by the pseudo-names John Doe 1, 2 and 3 and John Doe Entities 1, 2 and 3 and will be named as such in the Plaintiff's Complaint.

        4.      Upon determining the identity of John Doe 1-3 and John Doe Entities 1-3, the Complaint will be amended by substituting the real name for the pseudo-name.

        5.      This affidavit is made pursuant to A.C.A. § 16-56-125.

                                   _____
                                   Robert L. Beard

                                   _____
                                   Date

11

SWORN AND SUBSCRIBED before me on the 1ˢᵗ day of September, 2020.

Christina Hillman
Notary Public

My commission expires:

May 18, 2028

CHRISTINA HILLMAN
PULASKI COUNTY
NOTARY PUBLIC -- ARKANSAS
My Commission Expires May 18, 2028
Commission No. 12366102

12